IN THE COUNTY COURT
OF THE 9th JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
SMALL CLAIMS

case # 2012 SC 1531 SP

Danielle Tacoronte
   Plaintiff

v.

SENTRY CREDIT, INC
   Defendant

SERVED ___ NOT SERVED ✓
TIME 9ᴬ DATE 10\30 20 12
COMMENT _____
DEPUTY _____

**VERIFIED COMPLAINT for RELIEF**

Plaintiff, **Danielle Tacoronte**, sues Defendant, SENTRY CREDIT, INC, and for her complaint alleges:

### Nature of the Action

1. This is a complaint for money damages.

2. Defendant has violated the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5). Defendant has violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.551 & seq. and the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*;

3. Plaintiff contends that the Defendant has violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

4. This is not Defendant's first attempt to illegally collect this debt.

Page 1 of 6

## Parties

5. Plaintiff Danielle Tacorotne ("Tacoronte") is a citizen of Osceola County, Florida.

6. Upon information and belief Defendant is a foreign corporation, authorized to do business in Florida with a registered agent in Florida who is C T COPRPORATION SYSTEMS, 1200 South Pine Island Rd, Plantation, FL 33324.

## Jurisdiction and Venue

7. This Court has jurisdiction to grant relief pursuant to Fla. Stat. § 34.01(1)(c), in that this is an action for damages less than $15,000.00 exclusive of interest, fees, and costs.

8. This Court has jurisdiction to grant relief pursuant to Fla. Stat. § 34.01(2), and Fla.Sm.Cl.R. 7.010(b) in that this is an action for damages less than $5,000.00 exclusive of interest, fees, and costs, and only legal relief is sought.

9. Venue is proper in Osceola County, Florida, pursuant to Fla. Stat. § 47.011, because the causes of action accrued in that county.

10. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3) and Fla. Stat. §47.051.

11. Venue is proper pursuant to 28 U.S.C. §1391(b) and Fla. Stat. §559.77. Venue in this county is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

12. Venue is proper in Osceola County, Florida, pursuant to Fla. Stat. § 47.051, because Defendant intentionally reached into that county, availing itself of the protection of the laws of Florida, and Defendant's acts in that county gave rise to the cause of action asserted herein.

13. This Court has jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(a) because Defendant engages in business within this state, to wit debt collection, and its business within this state gave rise to the causes of action asserted herein.

14. This Court has jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(f)1 because Defendant caused injury to a person within this state, to wit, Mr. Tacoronte, while it was engaged in service activities, to wit, debt collection, within this state.

15. This Court has jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(a) because Defendant carries on business in this State.

16. Defendant has violated the Florida Consumer Collection Practices Act, Fla.Stat. § 559.551 & seq. and the Telephone Consumer Protection Act (TCPA) Sec. 227. Defendant has violated the acts by calling the Plaintiff's cell phone.

17. Venue is proper in Osceola County, Florida, because the acts giving rise to the cause of action took place within that county. Particularly, the offending communications were all made and directed into that County.

## Background

18. On or about 2-February-2012 at about 12:09 pm, Defendant called the Plaintiff's cell phone without prior permission or for emergency purposes. (Exhibit 'A')

19. The communications in question here are all related to the collection of a consumer debt.

20. The acts alleged herein all took place in Osceola County, in that the offending call was received there.

21. Plaintiff has no prior or present established relationship with Defendant.

22. Plaintiff has never given Defendant express permission to call Plaintiff's cellular phone.

23. Plaintiff has no contractual obligation to pay Defendant.

24. Defendant continues to attempt to enforce and collect a non-existent debt.

25. Defendant continues to report false and derogatory information on Plaintiff's credit reports.

## COUNT I
## DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(1)(A) (iii)

26. Plaintiff re-alleges 1 through 25.

27. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) (III) by using an automatic telephone dialing system to call Plaintiff's cell phone.

28. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by calling the Plaintiff's phone number, which is assigned to a cellular telephone service contrary 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (1) PROHIBITIONS.—it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

## COUNT II
### DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. §227(b)(2)(5)

29. Plaintiff alleges and incorporates the information in paragraphs 1 through 25.

30. Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(2)(5) by calling the Plaintiff's phone number, more than once during a 12 month period.

31. Defendant called the Plaintiff's cellular phone, contrary to 47 U.S.C. §227(b)(2)(5).

## COUNT III
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559 (Part VI) BY DEFENDANT

32. Plaintiff alleges and incorporates the information in paragraphs 1 through 25.

33. Plaintiff is a consumer within the meaning of §559.55(2).

34. Defendant is a debt collector within the meaning of §559.55(6).

35. Defendant violated §559.72(9) by claim, attempt, or threatening to enforce a debt when such a person knows that the debt in not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

## COUNT IV
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT

36. Plaintiff alleges and incorporates the information in paragraphs 1 through 25.

37. Plaintiff is a consumer within the meaning of §1692a (3).

38. Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

39. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated §1692e (8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(b) Defendant violated 15 U.S.C. §1692e (2) (A) by falsely representing the character, amount, or legal status of any debt.

(c) Defendant violated 15 U.S.C. §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(d) Defendant violated 15 U.S.C. §1692f (1) by attempting to collect any amount not authorized by any agreement.

WHEREFORE, based on facts set forth in the above counts, Plaintiff demands

(a) Statutory damages of $3500.00, payable by Defendant.

and

(b) fees and costs pursuant to Fla. Stat. § 559.77(2),

(c) such other relief as may be just.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

*Danielle Tacoronte* (signature)

Danielle Tacoronte

## Verification

I, Danielle Tacoronte, have read the foregoing statement of claim and the facts stated in the statement of claim are true. Sworn to (or affirmed) and subscribed before me this __12__ day of __October__, 2012 by Danielle Tacoronte who produced the following identification: Florida Drivers License.

_____
DANIELLE TACORONTE

_____
Signature of Notary Public

Lori Tillotson
_____
Name of Notary Typed, Printed or Stamped

LORI TILLOTSON
MY COMMISSION # EE 112158
EXPIRES: July 14, 2015
Bonded Thru Budget Notary Services

Respectfully submitted,

_____
J. Marshall Gillmore, Esq.
Counsel for Plaintiff
(Florida Bar No. 840181)
1936 Lee Road, Suite 100
Winter Park, FL 32789
Phone 407 629-7322
Fax    407 599-3801
mgilmore@mgilmorelaw.com

7

