## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DANIELLE TACORANTE,

      Plaintiff,

v.                                 Case No. 12-cv-01742-GAP-KRS

SENTRY CREDIT INC.,

      Defendant.

_____/

## DEFENDANT, SENTRY CREDIT INC.'S,
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Sentry Credit, Inc. (Sentry), through counsel and under the Federal Rules of Civil Procedure, files this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Danielle Tacorante (plaintiff), and states:

## NATURE OF THE ACTION

1.     Sentry admits plaintiff purports to bring this Complaint for damages, but denies any damages, violations, liability or wrongdoing under the law. Except as specifically admitted, Sentry denies the allegations in ¶ 1.

2.     Sentry denies the allegations in ¶ 2.

3.     Sentry denies the allegations in ¶ 3.

4.     Sentry denies the allegations in ¶ 4.

## PARTIES

5.     Upon information and belief, Sentry admits the allegations in ¶ 5.

6.     Sentry admits the allegations in ¶ 6.

**JURISDICTION AND VENUE**

7.    Upon information and belief, Sentry admits jurisdiction is proper.   Except as specifically admitted, Sentry denies the allegations in ¶ 7.

8.    Upon information and belief, Sentry admits jurisdiction is proper.   Except as specifically admitted, Sentry denies the allegations in ¶ 8.

9.    Upon information and belief, Sentry admits venue is proper.   Except as specifically admitted, denies the allegations in ¶ 9.

10.    Upon information and belief, Sentry admits jurisdiction in proper.   Except as specifically admitted, Sentry denies the allegations in ¶ 10.

11.    Upon information and belief, Sentry admits venue is proper.   Except as specifically admitted, denies the allegations in ¶ 11.

12.    Upon information and belief, Sentry admits venue is proper.   Except as specifically admitted, denies the allegations in ¶ 12.

13.    Upon information and belief, Sentry admits jurisdiction is proper.   Except as specifically admitted, Sentry denies the allegations in ¶ 13 as calling for a legal conclusion.

14.    Upon information and belief, Sentry admits jurisdiction is proper.   Except as specifically admitted, Sentry denies the allegations in ¶ 14.

15.    Upon information and belief, Sentry admits jurisdiction is proper.   Except as specifically admitted, Sentry denies the allegations in ¶ 15 as calling for a legal conclusion.

16.    Sentry denies the allegations in ¶ 16.

17.     Upon information and belief, Sentry admits venue is proper.   Except as specifically admitted, denies the allegations in ¶ 17.

## BACKGROUND

18.     Sentry denies the allegations in ¶ 18.

19.     Sentry denies the allegations in ¶ 19 as calling for a legal conclusion.

20.     Sentry denies the allegations in ¶ 20.

21.     Sentry denies the allegations in ¶ 21.

22.     Sentry denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23.     Sentry denies the allegations in ¶ 23.

24.     Sentry denies the allegations in ¶ 24.

25.     Sentry denies the allegations in ¶ 25.

## COUNT I
### DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT [SIC] 47 U.S.C. § 227(b)(1)(A)(iii)

26.     Sentry incorporates the foregoing as if fully stated herein.

27.     Sentry denies the allegations in ¶ 27.

28.     Sentry denies the allegations in ¶ 28.

## COUNT II
### DEFENDANT'S VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT [SIC] 47 U.S.C. § 227(b)(2)(5)

29.     Sentry incorporates the foregoing as if fully stated herein.

30.     Sentry denies the allegations in ¶ 30.

31.     Sentry denies the allegations in ¶ 31.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part IV) BY DEFENDANT

32.     Sentry incorporates the foregoing as if fully stated herein.

33.     Sentry denies the allegations in ¶ 33 as calling for a legal conclusion.

34.     Sentry denies the allegations in ¶ 34 as calling for a legal conclusion.

35.     Sentry denies the allegations in ¶ 35.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 BY DEFENDANT

36.     Sentry incorporates the foregoing as if fully stated herein.

37.     Sentry denies the allegations in ¶ 37 as calling for a legal conclusion.

38.     Sentry denies the allegations in ¶ 38 as calling for a legal conclusion.

39.     Sentry denies the allegations in ¶ 39, including subparts (a) – (d).

## SENTRY'S AFFIRMATIVE DEFENSES

1.     To the extent that any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.     Sentry denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of Sentry's purported violations.

3.     Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Sentry and were beyond the control or supervision of Sentry or for whom Sentry was and is not responsible or liable.

4.     One or more of the telephone calls made to Plaintiff were not made to a wireless, i.e., cellular, telephone.

5.     One or more claims asserted by Plaintiff are barred by the statute of limitations or laches.

6.     Plaintiff's claims are barred by failure to mitigate, estoppel, waiver, unclean hands, consent and/or assumption of risk.

7.     Plaintiff consented and authorized calls to the phone number in question.

8.     Plaintiff has failed to state a claim against Sentry upon which relief may be granted.

9.     The phone calls made to Plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C.§ 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

10.     The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

11.     To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

12.     To the extent plaintiff was not the intended recipient of the calls, Plaintiff has no standing to assert the claim.

13.     Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

14.     Plaintiff's claims are subject to binding arbitration pursuant to the agreement for the underlying account at issue.

WHEREFORE, Defendant, Sentry Credit, Inc., requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully Submitted,

/s/ Rachel A. Morris
Rachel A. Morris, Esq.
Florida Bar No. 0091498
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
Kenneth C. Grace, Esq.
Florida Bar No. 0658464
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:    (813) 890-2469
Facsimile:    (866) 466-3140
rmorris@sessions-law.biz
dvanhoose@sessions-law.biz
kgrace@sessions-law.biz

Attorneys for Defendant,
Sentry Credit, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November 2012, a true and correct copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including:

J. Marshall Gillmore
1936 Lee Road, Suite 100
Winter Park, FL 32789

/s/ Rachel A. Morris
Attorney